IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HECTOR Q.Q.,<br><br>   Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.<br><br>   Respondents. | Case No. 26-cv-01051-SRB-DLM |

## ORDER

  Before the Court is Petitioner Hector Q.Q.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) In part, the Petition alleges that Petitioner "is a citizen of Ecuador who has been in immigration detention since February 4, 2026." (Doc. #1, p. 5.) Petitioner entered the United States on February 25, 2024.

  In an Order dated February 5, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 9, 2026. (Doc. #3.) The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #3, ¶ 2.) The Order further required Respondents to "attach the warrant to their answer" if one was issued for Petitioner's arrest. On February 9, 2026, Respondents filed an answer which states in part that "Respondents did have a warrant for Petitioner's arrest. See Declaration of Friedrich A.P. Siekert, Ex. A." (Doc. #6, p. 11.) Respondents thus argue that "[t]he Court should summarily reject Petitioner's argument that Respondents' failure to produce a warrant should result in outright release." (Doc. #6, p. 11.) Respondents' answer does not attach a copy of an affidavit or a copy of an arrest warrant.

Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Here, Respondents have failed to attach a copy of the alleged arrest warrant or an affidavit that shows an arrest warrant was issued prior to the detention of Petitioner. As such, the Court agrees with Petitioner that:

> In the Court's order dated February 5, 2026, the Respondents were ordered to provide "[w]hether a warrant was issued for Petitioner's arrest, and if so, Respondents shall attach the warrant to their answer." Although Respondents' response affirms the existence of a warrant and cites to "Declaration of Friedrich A. P. Siekert, Ex. A.," no such exhibit was included. It can therefore only be assumed that Petitioner was arrested by Respondents without a warrant, despite the fact that Petitioner had not violated the terms of his Order of Release on Recognizance.

(Doc. #7, p. 2.)

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention. Consequently, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Hector Q.Q.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** immediately to release Hector Q.Q. from custody;

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time;

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents;

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release;

6. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when he will be returned and released; and

7. Within 24 hours from the date of this Order, Respondents shall file a copy of the Warrant for Arrest, I-200, that was allegedly issued to Petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 12, 2026      *s/Stephen R. Bough*
                                                    Stephen R. Bough
                                                    United States District Judge